**UNITED STATES of America,**
**Appellee,**

v.

**Edward E. LEDBETTER,**
**Defendant–Appellant.**

**No. 02–1757.**

United States Court of Appeals,
Second Circuit.

Sept. 26, 2003.

Richard S. Cramer, Wethersfield, Connecticut, for Appellant.

Calvin B. Kurimai, Assistant United States Attorney for the District of Con-

necticut (Kevin J. O'Connor, United States Attorney; Jeffrey Meyer, Assistant United States Attorney, on the brief), New Haven, Connecticut, for Appellee.

PRESENT: FEINBERG, RAGGI, Circuit Judges, and McKENNA,[1] District Judge.

## SUMMARY ORDER

Defendant–Appellant Edward Ledbetter is presently incarcerated serving two consecutive terms of 48–months' imprisonment as a result of his guilty plea to (1) being a felon in knowing possession of a firearm transported in interstate commerce, *see* 18 U.S.C. § 922(n); and (2) possessing a firearm within a school zone, *see* 18 U.S.C. § 922(q)(2)(A). As a part of his plea agreement, Ledbetter reserved the right to appeal the district court's denial of his motion to suppress the charged firearm, which had been seized incident to arrest after law enforcement officers, acting on an anonymous tip, conducted a warrantless search for defendant at his mother's apartment. After an evidentiary hearing, the district court upheld the warrantless search, finding it supported by Mrs. Ledbetter's consent.

On appeal, Ledbetter asserts that law enforcement officers acted unlawfully when they entered his mother's apartment and searched her bathroom because (1) they did not have a warrant for his arrest, (2) they lacked reasonable grounds to believe he was on the premises, and (3) the facts adduced at the suppression hearing do not support a finding of voluntary consent to search. We turn immediately to the third argument because if Mrs. Ledbetter voluntarily consented to the challenged search, the law does not require the officers to have had either an arrest warrant for Ledbetter or reasonable grounds to believe he was on the premises. *See Schneckcloth v. Bustamonte*, 412 U.S. 218, 219, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973) ("[O]ne of the specifically established exceptions to the requirements of both a warrant and probable cause is a search that is conducted pursuant to consent.").

Whether a person has voluntarily consented to a law enforcement search is "a question of fact to be determined from the totality of all the circumstances." *Id.* at 227, 93 S.Ct. 2041. We must "accept the district court's factual findings unless clearly erroneous, and we view those facts in the light most favorable to the government." *United States v. Casado*, 303 F.3d 440, 443 (2d Cir.2002). As the district court correctly recognized, a finding of consent requires proof of more than "mere acquiescence in a show of authority," *United States v. Wilson*, 11 F.3d 346, 351 (2d Cir.1993), but the consent "need not be expressed in a particular form"; it "'can be found from an individual's words, acts or conduct.'" *United States v. Deutsch*, 987 F.2d 878, 883 (2d Cir.1993) (quoting *Krause v. Penny*, 837 F.2d 595, 597 (2d Cir.1988)).

In this case, the district court did not clearly err in finding from the totality of circumstances that Mrs. Ledbetter had voluntarily consented to law enforcement officers entering her apartment. The evidence indicated that the officers had knocked and identified themselves but had engaged in no threatening or abusive actions to induce Mrs. Ledbetter to open the door and admit them. *See United States v. Valencia*, 645 F.2d 1158, 1165 (1980) (finding that voluntary consent to enter was given where tenant opened apartment door and did not protest police entry).

Neither did the district court clearly err in finding that Mrs. Ledbetter had voluntarily consented to the officers' search of her apartment, specifically, to the bathroom where defendant was found. The evidence suggested that Mrs. Ledbetter had cooperated totally with the officers' investigation. When they first told her they were looking for "Edward Ledbetter," she promptly identified her teenage grandson, who also bore that name. After the misunderstanding was clarified, and the officers' attention shifted to a locked bathroom, Mrs. Ledbetter told the police that her son was indeed hiding inside. She then facilitated their entry into the bathroom by getting them a butter knife to unlock the door.

Ledbetter submits that his mother's conduct cannot be deemed voluntary because it was prompted by the police officers' discussing kicking down the bathroom door. The district court heard conflicting testimony from several government and defense witnesses about the circumstances under which this possibility was raised. We defer to its credibility determinations, see United States v. Mendez, 315 F.3d 132, 135 (2d Cir.2002), and to its findings that remarks about kicking down the door were directed at defendant's sister, who was then locked in the bathroom and shouting at the officers to leave. The district court deemed it significant that at no time did Mrs. Ledbetter ask the officers to leave, nor did she ever ask them not to enter her bathroom. When the possibility of a forcible entry arose, and an officer indicated that she might be able to avoid damage to the door if someone would get her a knife, it was Mrs. Ledbetter who voluntarily procured one from her kitchen.

The fact that the evidence might also have supported other inferences more fa-vorable to Ledbetter does not mandate a finding of clear error by the district court. We have long recognized that "the task of choosing among competing, permissible inferences is for the fact-finder, not for the reviewing court." United States v. McDermott, 245 F.3d 133, 137 (2d Cir. 2001).

Accordingly, we reject Ledbetter's Fourth Amendment challenge to the seizure of the charged firearm and hereby AFFIRM the judgment of conviction.